Appellant Toni Smith Minor appeals her conviction of criminal possession of a forged instrument in the second degree, in violation of Ala. Code § 13A-9-3 (1975). She was sentenced to 18 years' imprisonment, applying the Alabama Habitual Felony Offenders Act, Ala. Code § 13A-5-9 (1975).
The state's evidence tended to show that a pick-up truck belonging to one Robert L. Howell was stolen along with certain of his personal possessions inside the truck, including his chain saw and checkbook. The checkbook was for an account belonging to Mr. and Mrs. Howell. The checks in the book were blank at the time of the theft of the truck. Mr. Howell notified the bank of the theft.
The day after the theft, some persons in a pick-up truck presented one of the Howells' checks, made out to the appellant, at a drive-in teller's window, together with the appellant's driver's license. The teller checked and ascertained that there was a problem in regard to these checks, and the people in the truck drove away, leaving the check and the license. The same day, the appellant presented another check from this checkbook to be cashed at a teller window of the Carraway branch of the First Alabama Bank in Birmingham. She was only able to offer her social security card for identification. The teller ascertained that the checks had been stolen and called a security officer, who took the appellant into custody, together with the check made out to her.
At trial, Mr. Howell testified that the handwriting on these two checks, state's exhibits 1 and 2, made payable to the appellant, was not his handwriting nor his wife's. He said that he had not caused these checks to be made out or issued. He did not recognize the handwriting. One check was turned over to Mr. Thomas, a person in charge of bank security, and was identified at trial by the teller as the same check that was presented to her that day. She testified that the check as shown her in court was in substantially the same condition as when presented to her at the bank by the appellant.
The drive-in teller who took the other check identified both the check and the appellant's driver's license as being the ones that were presented to her and testified they were in substantially the same condition as they were when they were presented to her and in her possession.
Appellant's defense was she had received the check marked state's exhibit 1 as pay for prostituting herself. She said she had lost her driver's license some time ago and that she just wanted to see if the check was good. She admitted to three previous grand larceny convictions.
Section 13A-9-3, Code of Alabama 1975, states:
 "(a) A person commits the crime of forgery in the second degree if, with intent to defraud, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
 "(1) A deed, will, codicil, contract, assignment or a check, draft, note or other commercial instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status. . . ."
Section 13A-9-6 provides that:
 "(a) A person commits the crime of criminal possession of a forged instrument in the second degree if he possesses or utters any forged instrument of a kind specified in Section 13A-9-3
with knowledge that it is forged and with intent to defraud. . . ."
 I
Appellant contends that the court, as part of its oral charge, should have charged on the lesser offense of criminal possession of a forged instrument in the third degree, referring to "a written instrument." All the evidence in this case indicates that the instrument whose possession was charged was a check. Even if the court had been called on to rule on this *Page 435 
issue, which it was not, no error would have been committed by not charging on third degree criminal possession of a forged instrument.
 II
Minor asserts that the checks and the driver's license were improperly admitted into evidence as not authenticated. This contention is not supported by the record.
 III
Appellant next contends that the state failed to prove that the checks in question were forged. The testimony of the owners recited above was sufficient with the checks themselves to prove that the checks had been forged.
 IV
With regard to her sentencing, Minor contends that in the application of the Habitual Felony Offenders Act two convictions occurring in the same court at the same time should be considered one conviction. This issue was considered inWatson v. State, 392 So.2d 1274 (Ala.Cr.App. 1980), and decided adversely to the position of appellant. The trial court correctly sentenced her under the Habitual Felony Offenders Act.
 V
Appellant contends that the Habitual Felony Offenders Act as applied to her is unconstitutional on the grounds that it is violative of the principles enunciated in Solem, v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 77 L.Ed.2d 637, (1983). Our Habitual Felony Offenders Act, § 13A-5-9, Code of Alabama 1975, has withstood attack on constitutional grounds in numerous cases. The appellant in this case was not sentenced to life without parole. The minimum sentence she could receive was 15 years. She was sentenced to 18 years for her fourth felony conviction. We are convinced that this sentence violates neither the letter nor the spirit of Solem v. Helm, supra.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.