ON APPLICATION FOR REHEARING
This court's opinion of November 29, 1983, is withdrawn and the following opinion is substituted in its place.
Appellant was sentenced to life without parole after being found guilty of robbery in the first degree by a Chilton County Circuit Court jury.
This case involves the armed robbery of the Clanton Holiday Inn in which the desk clerk, who was also a part-time police dispatcher, was shot. The robber pulled a small revolver on the clerk, Mr. Williams, and said, "Don't make me kill you," and started looking into the office safe. Williams pulled his .357 revolver from a desk top, the two struggled, and the clerk was *Page 965 
shot in the lower abdomen. The perpetrator pushed Williams off of him, went back to the safe, got a bank money bag with $50 in quarters, took his and Williams's gun and left in a "silvery-green" colored car with a dark top. Williams promptly called the police, described the appellant as well as the car, and asked for medical assistance.
That night, Deputies Payton and Doss of the Shelby County Sheriff's Department received the "BOLO" call and stopped a car fitting the description given travelling north on I-65 from the direction of Clanton. The passenger in the car fit Williams's description of the robber. The deputies had the men get out of the car and Deputy Payton patted down the driver and arrested him on an outstanding traffic warrant. Then Deputy Doss patted down the passenger in the car, who turned out to be Pearson, the appellant. A plastic bag of what appeared to be marijuana was found on him and he was arrested for violation of the Alabama Uniformed Controlled Substances Act. Around 6:00 a.m. the next morning, the deputies returned to the scene of the arrest, looked around and found the money bag with the .357 Magnum revolver and the $50 in quarters inside, about two feet from the guard rail at the side of the interstate. Williams later identified the revolver as his.
 I
The first contention of the appellant is that his arrest was illegal. It is obvious that these alert deputies did have in mind the Holiday Inn robbery when they stopped this car. However, they also had good grounds to arrest the occupants of the car without regard to the Holiday Inn robbery.
Since the appellant and his car fit the description of the robber and the getaway car, there was sufficient evidence to establish the requisite probable cause that appellant had committed a felony. Douglas v. State, 366 So.2d 373
(Ala.Cr.App. 1979), was a case in which the authorities arrested a robbery suspect after receiving a radio message with a description. That case cites an earlier case, Brown v. State,55 Ala. App. 615, 318 So.2d 311 (1975), to the same effect. Therefore, the motion to suppress the evidence of the bank bag and the two guns and the money because of an illegal arrest was properly denied. Further, there is no evidence that the fruits of the crime and the weapon were thrown out incident to a search, lawful or otherwise. These items were admissible in evidence in any event under the doctrine spelled out in theNikolic v. State, 384 So.2d 1141 (Ala.Cr.App. 1979), pet.stricken, 384 So.2d 1151 (Ala. 1980). In that case, packages of cocaine, discovered by police officers after a suspect had thrown them from his car, were held not to have been discovered incident to a search and were admitted under the "plain view" doctrine. We agree with counsel for the appellee, who argues that there was not a sufficient causal relationship between the discovery of the evidence and the facts surrounding the appellant's arrest to taint the evidence even if the arrest had been illegal.
 II
The state did not call the arresting officer as a witness and appellant contends that this denied him his right to confront his accuser. Deputy Payton, who was present during the arrest, testified and Williams, the victim, was called. The purpose of the confrontation clause of the U.S. constitution, was stated by the United States Supreme Court in Mattox v. United States,156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895), as follows:
 "The primary object of the constitutional provision and question was to prevent depositions or ex parte
affidavits . . . being used against a prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives *Page 966 
his testimony whether he is worthy of belief." Cited in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).
Appellant was not denied the right of confrontation.
 III
Appellant claims that the trial court erred in denying his motion to exclude the evidence since there was no probable cause for the initial arrest. This issue is treated in I above.
Second, it is contended that identification of the appellant as the perpetrator was insufficient. The identification procedure was certainly not so impermissibly suggestive to create a substantial likelihood of irreparable misidentification. See Donahoo v. State, 371 So.2d 68
(Ala.Cr.App.), cert. denied, 371 So.2d 74 (Ala. 1979).
The U.S. Supreme Court in Neil v. Biggers, 409 U.S. 188,93 S.Ct. 375, 34 L.Ed.2d 401 (1972), spells out the factors to be considered in evaluating the likelihood of misidentification. Those factors include (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description; (4) the level of certainty demonstrated by the witness at the confrontation (or identification); and (5) the length of time between the confrontation (or identification) and the crime.
Williams, whose conduct during the robbery was courageous, identified a Polaroid photograph of the appellant the very same night. The description he gave was reasonably accurate. Mr. Williams observed the appellant for 6 to 7 minutes during the course of the robbery. For the most part, this observation was made face-to-face. Every factor in this case weighs in favor of an accurate identification. If the evidence already recited were not absolutely conclusive, it should be noted that appellant's fingerprint was lifted from the .357 Magnum pistol found with the money bag by the side of the road. We do not view it as significant that, in Williams's work as a police radio dispatcher, he later saw the appellant around the jail.
 IV(A)
Appellant finally contends that the Habitual Felony Offender Act was misapplied. It appears that the appellant had been convicted of five felonies in Illinois, for which he had received five separate sentences. Appellant argues that since these convictions arose from one criminal transaction, they would be treated as one conviction under Illinois law and should be so treated here. Rule 6 (b)(3)(iv) states:
 "Any conviction in any jurisdiction including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, Sec. 130 (4), Acts of Alabama 1977, page 812 (§ 13A-1-2 (4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980."
Consequently, the five convictions in Illinois, although they would be treated as one conviction under Illinois law, are to be treated as five separate convictions under Alabama law.
 (B)
Appellant further contends that the statement of prior convictions of the appellant from the state of Illinois refer to one "Owen". The parties in this case had obvious reference to the report of presentence investigation which was in their possession by the time of the sentencing hearing. Temp. Rules of Criminal Procedure, Rule 6 (b)(2) states in part, "The presentence report, if submitted, shall be considered as part of the evidence." While the presentence report was not formally offered into evidence, it is apparent that the report was available and considered both by the judge and by counsel for the appellant and for the state. We conclude that the presentence report was "submitted", since copies of it were made available to *Page 967 
the court and to both the prosecution and the defense. The presentence investigation report asserts that Andrew Pearson is also known as Garnett Lewis Owens. The appellant, while arguing at the sentence hearing that the five felonies should be treated as one, did not contradict or dispute any part of the presentence investigation report. Neither did they offer any evidence in derogation of the evidence as submitted as regards the various Illinois charges against the appellant.
By inference, therefore, we conclude that the state carried the burden of proof as regards these previous felonies, as contemplated by Rule 6, Temp. Rules of Crim. Procedure, specifically Rule 6 (b)(3)(iii), both as to the identity of the perpetrator of the crimes in Illinois and as to the proper use of those prior felonies to enhance punishment. Accordingly, this case is due to be affirmed.
STATE'S PETITION FOR REHEARING GRANTED; APPELLANT'S PETITION FOR REHEARING OVERRULED; RULE 39 (k), A.R.A.P., MOTION DENIED; ORIGINAL OPINION WITHDRAWN; AFFIRMED.
All the Judges concur except BOWEN, P.J., who concurs in result only.