On October 28, 1983, appellant Shelby Gene O'Neal and Jimmy Burns McKinney, also known as Bo Diddley, were arrested and charged with murder in the shooting death of Ricky Mansell and with the attempted murder of Kenneth Jeffries. They were indicted by the Franklin County Grand Jury on November 17, 1983, on the aforementioned charges.
There were two counts in the indictment. The first alleged that the appellant caused the death of Ricky Clayton Mansell by shooting him with a firearm. The second count alleged that the appellant committed the crime of attempted murder by shooting Kenneth Maynard Jeffries with a gun. The appellant entered a plea of not guilty at his arraignment. Later, the appellant's case was consolidated with that of Jimmy Burns McKinney on December 1, 1983. The trial of appellant commenced on February 6, 1984. McKinney had entered a plea of guilty to both charges shortly before the trial began that same day.
At the conclusion of the State's case-in-chief, the appellant moved for a judgment of acquittal as to both counts. That motion was overruled by the trial judge. The same motion was renewed at the conclusion of the defendant's case and again overruled by the trial court.
The jury found the appellant guilty of manslaughter as to count one of the indictment and guilty of assault in the second degree on count two of the indictment.
The appellant was then sentenced by the trial judge to a maximum term of ten years on each charge, the sentence to be served consecutively in the state penitentiary. Appellant then filed a motion for a new trial, which was subsequently overruled by the trial court. This appeal followed.
We must decide whether the trial court committed reversible error in allowing the appellant to be convicted on two charges arising out of the same act. In order to properly address this issue, we must first review the applicable fact of this case.
While some of the testimony at trial is inconsistent, it is apparent that the appellant and Jimmy Burns McKinney, along with Calvin Mosley, rode past the home of the deceased, Ricky Mansell. A beer can or bottle was thrown from the trio's automobile onto a car parked in front of Mansell's home. Ricky Mansell then exited his home and approached the trio's car, where a heated exchange of words occurred between Mansell and the appellant. At some point, Mansell struck McKinney.
Thereafter, the trio left Mansell's house, but later returned. As they passed by the house, and while Mansell, Kenneth Jeffries, and Mike Ashley were leaving the house, Jimmy McKinney aimed a shotgun and fired from the car he was riding. The testimony reflected that only one shot was fired, and McKinney actually admitted firing the shot. Also, it is undisputed that the appellant was the individual driving the car. The shot hit Mansell, killing him. A pellet of the shot hit Jeffries and entered his body from his lower back area. *Page 56 
It is clear that only one criminal transaction occurred, not two. "A single crime cannot be split up, or divided, into two or more offenses." Hurst v. State, 86 Ala. 604, 6 So. 120
(1888). Likewise, several charges cannot be based upon a single act.
The case at bar is an excellent example of the prosecutor "charging multiple offenses based on a single course of conduct." Free v. State, 455 So.2d 137 (Ala.Crim.App. 1984). As stated earlier, the testimony and evidence reveal that only one shot was fired. Therefore, only one criminal transaction occurred, and the appellant could be found guilty of only one offense. For another affirmation of this proposition of law, see Hampton v. State, 455 So.2d 149 (Ala.Crim.App. 1984).
Thus, an election should have been made by the State as to which offense it wanted the jury to be charged on before the members retired to make a decision.
Accordingly, the judgment is due to be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.
[EDITORS' NOTE: PAGES 57-62 CONTAINED DECISIONS WITHOUT OPINIONS.] *Page 775