TAYLOB, Judge.
Jimmy Bums McKinney was indicted for murder and attempted murder, based on an incident in which he fired a shotgun that killed one person and injured another. His indictment was consolidated with identical charges against Shelby Gene O’Neal, his uncle and accomplice. On the morning of trial, the appellant entered guilty pleas to both charges based on a plea bargain for concurrent sentences. Thereafter, he was sentenced to concurrent terms of life and ten years’ imprisonment, respectively.
Meanwhile, his accomplice was convicted by a jury of manslaughter and second degree assault, and sentenced to two consecutive ten-year terms of imprisonment. He appealed to this court, and we reversed and remanded for a new trial because “only one criminal transaction occurred, and the appellant could be found guilty of only one offense.” O'Neal v. State, 461 So.2d 54, 56 (Ala.Cr.App.1984). We stated that the State should have been required to elect which charge it wished to present to the jury-
Four weeks after that opinion, Jimmy Bums McKinney filed a petition for writ of error coram nobis seeking to also have his two convictions set aside and obtain a new trial. After an evidentiary hearing, the trial court set aside the ten-year sentence for the attempted murder, but left intact the appellant’s guilty plea to the charge of murder and its accompanying sentence to life imprisonment.
We will not reiterate the facts, which are stated in the opinion in O’Neal v. State, 461 So.2d 54 (Ala.Cr.App.1984). For present review, it is sufficient to simply state that there was a single shotgun blast that injured more than one person. The law in Alabama is clear that this amounts to only one offense, for which there can be only one conviction. See e.g., Scott v. State, 473 So.2d 1167 (Ala.Cr.App.1985); Hampton v. State, 455 So.2d 149 (Ala.Cr. App.1984); Free v. State, 455 So.2d 137 (Ala.Cr.App.1984). Alabama’s stance on this issue was superbly analyzed recently in a law review article and shown to be the position of only a small minority of states. Owens, Alabama’s Minority Status: A Single Criminal Act Injuring Multiple Persons Constitutes Only A Single Offense, 16 Cum.L.Rev. 85 (1985-1986).
The question that we must now decide is whether the appellant is entitled to a new trial, or whether the error was remedied when the trial court set aside the conviction for attempted murder and its accompanying ten-year sentence.
The appellant claims he is entitled to a new trial because he was deprived of his Sixth Amendment right to the effective assistance of counsel. To meet his burden of proving the ineffective assistance of counsel, the appellant must comply with the two-part test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, the appellant must show 1) “that counsel’s representation fell below an objective standard of reasonableness,” Id., 466 U.S. at 687-88, 104 S.Ct. at 2065, and 2) “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id., at 694, 104 S.Ct. at 2068. The two-part test has been specifically held to apply to claims of ineffective assistance of counsel involving guilty pleas. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Clearly, advising a client to plead guilty to two charges when our jurisprudence dictates that only one such charge may be validly brought against him, is a serious mistake. It falls below an objective standard of reasonableness. Because the first part of the Strickland test is met, we must look to see “whether counsel’s constitutionally ineffective performance affected the outcome of the plea process.” Hill v. Lockhart, supra, 474 U.S. at 59, 106 S.Ct. at 370. In other words, the appellant must show that he was prejudiced by counsel’s ineffective performance; “the defendant must show that there is a reasonable prob *220 ability that, but for counsel s errors, he would not have pleaded guilty and would have insisted on going to trial.” Id. 474 U.S. at 59, 106 S.Ct. at 370. The record convinces us that the second part of the test is also met.
The appellant was faced with a two-count indictment, charging him with murder and attempted murder, both of which are Class A felonies, §§ 13A-6-2 and 13A-4-2(d)(l), Code of Alabama 1975, respectively, and punishable “for life or not more than 99 years or less than 10 years.” § 13A-5-6(a)(1), Code of Alabama 1975. Furthermore, sentences are to run consecutively unless the sentencing judge states that they are to run concurrently. A.R.Crim.P. Temp. 11. In order to avoid consecutive sentences, the appellant entered into a plea bargain for a concurrent sentence recommendation from the State. During the hearing on the change of pleas, the trial judge stated the following:
“Now, for the record, we probably need to put it down. I understand the agreement is that the Defendant will enter a plea to both counts and leave the matter of sentencing to the Court with the understanding that the sentence on the attempted murder charge will run concurrent with any sentence he gets on the murder charge.”
The following occurred during the requisite colloquy:
“THE COURT: Has anyone told you it might be better on you if you entered a plea, or it might be worse on you if you went to trial and took your chances on a trial?
“MR. McKINNEY: Yes, sir.
“THE COURT: I’m saying, has anyone told you it might be worse on you if you didn’t change your plea and took your chances on a jury trial?
“MR. McKINNEY: Yes, sir.
“THE COURT: Who told you that?
“MR. McKINNEY: My lawyer.
“THE COURT: Well, what did he tell you concerning that?
“MR. McKINNEY: Well, I could possibly go to trial, and could possibly be found guilty, and guilty of an attempt, which would—
THE COURT: In other words, you could possibly have consecutive sentences on the 2 charges against you as opposed to concurrent sentences?
“MR. McKINNEY: Yes, sir.
“THE COURT: Other than that, has anything been said to you that would influence you to plead guilty rather than go to trial?
“MR. McKINNEY: No, sir.”
Had the rule in Scott, Hampton, and Free been brought to the court’s attention, there would have been only one count and, so, of course, there would not have been a need to plea bargain for concurrent sentences. Since two sentences would not have been legally possible, and, according to the record, avoiding consecutive sentences was the impetus for the guilty plea, we find that “there is a reasonable probability that, but for counsel’s error, [the appellant] would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhart, supra, 474 U.S. at 59, 106 S.Ct. at 370. (Emphasis added.) We are therefore impelled to the conclusion that the trial court should have granted the motion for new trial, rather than setting aside the attempted murder conviction. As in the O’Neal case, the judgment is due to be reversed and the case remanded.
REVERSED AND REMANDED.
All the Judges concur.