ADAMS, Justice.
Jimmy Bums McKinney killed one person and injured another with a single blast from a shotgun. His indictment for murder and attempted murder was consolidated with charges against his accomplice, his uncle, Shelby Gene O'Neal. McKinney pleaded guilty to both charges in a plea bargain for concurrent sentences and was given prison terms of life and ten years.
O’Neal was convicted by a jury of manslaughter and second degree assault and was sentenced to two consecutive prison terms of ten years each. The Court of Criminal Appeals reversed O’Neal’s convictions and remanded the case for a new trial, stating, “only one criminal transaction occurred, and the appellant could be found guilty of only one offense.” O'Neal v. State, 461 So.2d 54, 56 (Ala.Crim.App. 1984). The court said that “the State should have been required to elect which charge it wished to present to the jury.” McKinney, who had not appealed his convictions, then filed a petition for writ of error coram nobis asking that both convictions be set aside and that he be granted a new trial. The trial court set aside McKinney’s ten-year sentence for attempted murder but let stand his life sentence for murder. The Court of Criminal Appeals reversed and remanded the case for a new trial, 511 So.2d 218.
The petitioner, the State of Alabama, asks this Court to reverse the Court of Criminal Appeals’ decision granting McKinney a new trial and also asks us to reverse our interpretation of Ala.Code (1975), §§ 13A-l-8(b) and 15-3-8, as amended. We hold that the Court of Criminal Appeals was correct in reversing McKinney’s convictions and ordering a new trial.
Alabama has long followed the minority view that only one criminal conviction may result from a single criminal act. McKinney fired a single shot that killed one person and caused injury to a second person. The facts here are identical to the *222 facts in O’Neal, except that McKinney was the principal actor and O’Neal was his accomplice. The State argues that in Scott v. State, 473 So.2d 1167 (Ala.Crim.App.1985), the Court of Criminal Appeals reversed two of three arson convictions stemming from a single act, but affirmed a third conviction, instead of ordering a new trial. In the present case, the State contends, any injury McKinney might have suffered by being convicted of two offenses was cured when the trial court set aside the attempted murder conviction, thus leaving only one conviction, as in Scott. The State insists, therefore, that Scott is in conflict with the Court of Criminal Appeals’ ruling in this case. We disagree.
The basis for the Court of Criminal Appeals’ decision reversing McKinney’s convictions was that he had received ineffective assistance of counsel, an issue not addressed by the State. Although the Court of Criminal Appeals has expressed its view that Alabama should join the majority of states and allow more than one conviction for injuries to multiple parties caused by a single act, in this case, McKinney, unlike O’Neal, was found to have been misled by his counsel. Given Alabama’s prevailing law, McKinney, like O’Neal, could have been convicted of only a single offense as the result of his single criminal act. See Scott, supra; Free v. State, 455 So.2d 137 (Ala.Crim.App.1984); Hampton v. State, 455 So.2d 149 (Ala.Crim.App. 1984); and O’Neal, supra. The Court of Criminal Appeals found, however, that counsel’s error in advising McKinney was the probable reason for his guilty plea; otherwise his case would have been tried before a jury.
McKinney argued in his coram nobis petition that he had been deprived of his Sixth Amendment right to the effective assistance of counsel. To prove ineffective assistance of counsel, the Court of Criminal Appeals recognized, the appellant
must comply with the two-part test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, the appellant must show 1) “that counsel’s representation fell below an objective standard of reasonableness,” id., 466 U.S. at 687-88 [104 S.Ct. at 2064], and 2) “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id., at 694 [104 S.Ct. at 2068]. The two-part test has been specifically held to apply to claims of ineffective assistance of counsel involving guilty pleas. Hill v. Lockhart, 474 U.S. 52,106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
In the present case, the Court of Criminal Appeals found that McKinney had been advised by his counsel to plead guilty to two charges even though he could have been convicted of only one offense under Alabama law. Such a fundamental error by counsel, the Court said, “falls below an objective standard of reasonableness,” and satisfies the first requirement of the Strickland test. Second, the court found that, absent counsel’s erroneous advice, McKinney would probably not have pleaded guilty and his case would have been tried to a jury. Unquestionably, had McKinney not followed his counsel’s advice to plead guilty, his case would have been tried before a jury. The Court of Criminal Appeals found, therefore, that McKinney had been deprived of the effective assistance of counsel and that the trial court had erred in not granting his request for a new trial. Unlike the fact situation presented in Scott, this case required reversal of both convictions and remand to the trial court because ineffective assistance of counsel had been found.
The State has also asked this Court to abandon Alabama’s minority position, i.e., that rule that a single criminal act may result in only one conviction. The State contends that our minority rule has evolved from our interpretation of Ala.Code (1975), §§ 13A-l-8(b) and 15-3-8, as amended. Those sections provide:
§ 13A-1-8. Procedural matters; civil liabilities not affected by title; prosecution when more than one offense.
[[Image here]]
(b) When the same conduct of a defendant may establish the commission of *223 more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
(1) One offense is included in the other, as defined in section 13A-1-9; or
(2) One offense consists only of a conspiracy or other form of preparation to commit the other; or
(3) Inconsistent findings of fact are required to establish the commission of the offenses; or
(4) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.
§ 15-3-8. Crimes Punishable under different provisions.
Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision.
A thorough review of Alabama’s position on this issue is presented in R. Owens, Alabama’s Minority Status: A Single Criminal Act Injuring Multiple Persons Constitutes Only A Single Offense, 16 Cum.L.Rev. 85 (1985-86).
Alabama is one of only four states that bar multiple convictions which arise from a single criminal act. Thirty-three states have adopted the view that the “degree of culpability, and as a consequence the degree of punishment, must bear some proportion not only to the magnitude of the crime but also to the number of victims involved.” Id., at 90. The author notes that the majority view discounts the importance of a defendant’s actual intent as the basis for finding one or more offenses. The Supreme Court of Tennessee said, in reversing that state’s previous adherence to the minority view:
We are of the opinion that the foregoing analysis [in our prior cases] improperly focuses upon the fictional “intent” of the accused rather than upon the elements of the criminal offense with which he is charged. In [the prior] case, as in this, the offense was homicide — the killing of another person. In our opinion, when more than one person is killed, there is more than one homicide — regardless of any fictional “intent” or whether the deaths result from a single “act” or a series of acts. It seems illogical to us, as a general proposition, to hold that when two persons have been killed by the accused, he has committed only one homicide. Prior cases in this state so holding are overruled or modified to the extend that they conflict herewith.
State v. Irvin, 603 S.W.2d 121, 123 (Tenn. 1980), as cited in 16 Cum.L.Rev., supra, at 91. The majority view permits multiple convictions in cases in which the defendant acted with negligent or reckless intent. Id., at 92.
In Hurst v. State, 86 Ala. 604, 6 So. 120 (1889), this Court held that the defendant, who had sneaked a file into a jail to help two prisoners escape, and who was subsequently convicted of aiding one of the prisoners, could be convicted of only one offense. Although Justice Stone argued in his dissent that an offender who sought to aid more than one prisoner should be held accountable for every criminal he had helped escape, the majority disagreed. 16 Cum.L.Rev., supra, at 95-96.
In Hampton, Free, Scott, and O’Neal, Alabama has held to the minority view that only one conviction could result from a single criminal act. In Hampton, the Court of Criminal Appeals said that a single shotgun blast that wounded three people was, under Alabama law, only one criminal act. Judge Bowen said, however:
We are thoroughly convinced that the view that each injury is to be regarded as constituting a separate or distinct offense is sustained by the weight of authority and by the better reason. Berry v. State, 195 Miss. 899, 16 So.2d 629 (1944). However, it is not the law in this state. We respectfully urge our Supreme Court to adopt this view.
Hampton v. State, supra, at 152.
Neither the federal nor the state constitution poses an obstacle to permitting mul *224 tiple prosecutions when there has been more than one offense found. In Gordon v. State, 71 Ala. 315 (1882), this Court held that the constitutional guaranty against double jeopardy does “not extend to several prosecutions for several offenses, but to repeated prosecutions for the same offense.” Id., at 317, as cited in 16 Cum.L. Rev., supra, at 101. The minority views a single blast that injures two people as the “same offense” or one criminal act. By contrast, the majority regards such an act as two offenses. As the author of the law review article has pointed out, the determination of what is the same offense is a question for the courts to decide. 16 Cum. L.Rev., supra, at 101. He concludes that §§ 15-3-8 and 13A-1-8 do not bar multiple convictions as the result of a single act when multiple victims are involved. Referring to § 15-3-8, he says:
This statute has been routinely interpreted to apply the test used by the United States Supreme Court decision in Block-burger v. United States [284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)]: “The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or one, is whether each provision requires proof of a fact which the other does not.” [Id., at 304, 52 S.Ct. at 182]. In Sears v. State, [479 So.2d 1308 (Ala.Crim.App.1985) ] the Alabama Court of Criminal Appeals stated that the Alabama appellate courts rely on the Blockburger test in situations where a single act has resulted in multiple victims. The Sears court further noted this interpretation equates the statutory term “act or omission” with the double jeopardy term “same offense” thus resulting in the statute’s protection being confined to the constitutional guaranty against double jeopardy. [Id., at 1312].
Additionally, in Ianelli v. United States, [420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975)], the United States Supreme Court declared “the Court’s application of the test focuses on the stau-tutory elements of the offense. If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.” [Id., at 785 n. 17, 95 S.Ct. at 1293 n. 17.] If the Alabama courts continue to interpret the statute as a codification of Blockburger, ... multiple convictions may be allowed.
16 Cum.L.Rev., supra, at 102-03.
Section 13A-l-8(b) does not bar multiple convictions when a single act results in multiple offenses, except, for example, in the case of lesser included offenses.
The interpretation of section 15-3-8 using the Blockburger test, combined with section 13A-7-8’s specific approval of multiple convictions when a defendant’s conduct constitutes multiple offenses, indicates there is no statutory prohibition against multiple convictions for multiple victims resulting from a single act.
16 Cum.L.Rev., supra, at 103-04.
Finally, as Owens points out, legislative intent to allow multiple prosecutions for a single act that injures more than one person is determined by the “description of the unit of prosecution within the substantive criminal law statutes.” 16 Cum.L.Rev., supra, at 104.
Avoidance of ambiguity is essential. Owens asks:
How, then, should the unit of prosecution be described so that an intent to allow multiple convictions is clear and unequivocal? Instead of using the word “any” to describe the unit of prosecution, the singular words “a” or “another" should be used. An examination, then, should be made of the Alabama Criminal Code to see how the unit of prosecution is described. This examination will disclose whether the code allows multiple convictions.
A review of the criminal code discloses that there are basically four categories into which the statutes can be divided. The first category includes those statutes that prohibit conduct that cannot affect multiple persons or property with a single act. These statutes prohibit *225 such crimes as sex offenses, criminal trespass, burglary, forgery, and escape. The second category contains statutes in which the unit of prosecution is described with the word “any”; based on the above mode of statutory construction, only one conviction should be allowed. This category consists of the following statutes: interference with custody, indecent exposure, enticement of a child to enter a vehicle or house for immoral purposes, possession of burglary tools, criminal possession of explosives, and transportation of stolen property, or property obtained by false pretense into the state.
Under the majority view, the remaining two categories would allow multiple convictions. The third category uses the indefinite article “a” to describe the unit of prosecution, and includes such offenses as arson, offering a false instrument for recording, illegally possessing or fraudulently using a credit or debit card, permitting or facilitating an escape, bribing or intimidating a witness or a juror, promoting prostitution, abandoning a child, and endangering the welfare of a child. The last category uses the descriptive term “another,” and incorporates, in addition to the above offenses, all forms of homicide, assault, kidnapping and unlawful imprisonment, theft of property, robbery, and the hindering of the prosecution or the apprehension of an escapee.
By employing the method of statutory construction used by the United States Supreme Court to determine whether the legislative drafters intended to allow multiple convictions, it becomes clear that the Alabama Legislature formulated the criminal code using descriptive words that allow multiple convictions. To truly adopt the majority view, however, multiple convictions should be allowed only for crimes against persons. If Alabama accepts the majority rule allowing multiple convictions, future incidents in which more than one person is injured or killed by the same act will subject the defendant to as many convictions as there are injuries or deaths.
16 Cum.L.Rev., supra, at 105-07.
Owens has articulately stated the case for joining the majority of states that allow for multiple convictions when more than one person is injured as the result of a single act. Adoption of the majority view would place Alabama among those states that have recognized that punishment for a criminal act should be commensurate with the act itself and the injury caused by that criminal act. Absent statutory or constitutional obstacles to the adoption of the majority view, logic and reason persuade us to henceforth apply the principle that a single criminal act that causes injury to more than one person may constitute more than one offense and may support more than one prosecution and conviction.
The Court of Criminal Appeals was correct in reversing McKinney’s convictions and in ordering a new trial. As stated herein, however, we also hold that henceforth §§ 13A-l-8(b) and 15-3-8 will allow more than one prosecution and conviction when more than one person is injured as a result of a single criminal act.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY and STEAGALL, JJ., concur.