TYSON, Judge.
Earl Van Ransselaer Beck was indicted for the offense of murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment,” and the trial judge sentenced the appellant to life imprisonment without parole, as a habitual felony offender. Ala.Code § 13A-5-9 (1975).
I
The appellant contends that the trial judge erred when he considered prior convictions of the appellant from the State of Arizona.
At the sentencing hearing, the State offered evidence of three prior felony convictions of the appellant from the State of Arizona. Two of those convictions were for robbery. The record reveals that the two robbery convictions arose out of one act. The appellant entered a bank and took currency from two sepárate bank tellers. He was convicted for robbery of each of the tellers.
It is settled law in Alabama that, when the State seeks to use a felony conviction from another state for purposes of the Alabama Habitual Offender Act, the “conduct” which amounted to a felony in the foreign state must also amount to a felony in Alabama. Thompson v. State, 525 So.2d 820, 826-29 (Ala.1985). A felony is any crime which is punishable by a minimum of one year and one day. Ala.Code § 13A-1-2(4) (1975); Parker v. State, 516 So.2d 859, 865 (Ala.Crim.App.1987).
The appellant argues that, based on the facts of the two robbery convictions in the State of Arizona, he could not have been convicted of two robberies which arose out of the same act in Alabama prior to June 26, 1987. See McKinney v. State, 511 So.2d 220, 222-25 (Ala.1987). In McKinney, the Alabama Supreme Court joined with the majority of jurisdictions which hold that, where the facts support multiple convictions, an accused may be convicted of more than one crime arising from the same criminal act. Id.
The appellant claims that, because the killing occurred in February of 1987, before the date of the Supreme Court’s decision in McKinney, the two robbery convictions must be viewed at the time of the present offense and not at the time of trial or sentencing, which took place subsequent to McKinney. Therefore, he argues, the two convictions would constitute only one prior conviction.
*134 The appellant’s argument must fail, since it is inconsistent with opinions of this court which pre-date McKinney.
As the State correctly pointed out in its brief, this court has on numerous occasions held that considering multiple convictions which arose from the same acts of the appellant for purposes of the Habitual Felony Offender Act is not error. This proposition was well stated in Casey v. State, 456 So.2d 1161, 1164 (Ala.Crim.App.1984), as follows:
“[I]t is settled that, even if [the appellant's] six prior convictions had arisen out of a ‘common event or occurrence,’ Seritt v. State, 401 So.2d 248, 250 (Ala.Crim.App.), cert. denied, 401 So.2d 251 (Ala.1981), or had been entered on the same day, Chambers v. State, 418 So.2d 948, 950 (Ala.Crim.App.1982), they would still have constituted six separate convictions. ‘[W]here two or more convictions occur at the same time and in the same court, they are separate convictions within the meaning of the Habitual Offender Statute:’ Watson v. State, 392 So.2d [1274,] 1279 [(Ala.Crim.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981)].”
See also Silvey v. State, 485 So.2d 790, 793 (Ala.Crim.App.1986) (two prior Georgia convictions for felony assault which arose out of the same occurrence or event constituted two felonies, not one, for purposes of Habitual Felony Offender Act); Pearson v. State, 455 So.2d 963, 966 (Ala.Crim.App.1984) (five felony convictions in Illinois to be treated as five felony convictions in Alabama); Minor v. State, 451 So.2d 433, 435 (Ala.Crim.App.1984) (two felonies which occurred at same time are equal to two felonies under Act); McLester v. State, 423 So.2d 286, 289-90 (Ala.Crim.App.1982) (where appellant was convicted for seven counts of burglary after kicking and breaking the windows of several stores in one mall, all seven felony convictions could be considered for purpose of the Act).
The trial court found that the State offered sufficient proof of three prior felony convictions of the appellant, where he was in fact represented by counsel. (R. 1091.)
After the jury returned a verdict against this appellant for murder, a Class A felony, Ala.Code § 13A-6-2 (1975), the trial court sentenced him to life imprisonment without parole in accord with the Alabama Habitual Felony Offender Act, Ala.Code, § 13A-5-9(c)(3) (1975).
We find that the trial court’s application of the act and its sentencing of this appellant were correct.
Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.