*1194 AFTER REMAND FROM ALABAMA SUPREME COURT
McMillan, judge.
In Ex parte Madden, 602 So.2d 1192 (Ala.1991), the Alabama Supreme Court remanded this cause to this court for review consistent with that opinion. In that opinion, the Alabama Supreme Court stated that the petitioner argued that the two prior sodomy convictions under Georgia law, should be considered as one felony conviction under Alabama law for purposes of enhancement under the Habitual Felony Offender Act. The two sodomy convictions allegedly arose from the same transaction; however, one was anal and the other oral. Thus, although the sodomies occurred close in time, they constituted two acts. Although a defendant is often not charged for two counts of the same offense where he committed the acts as part of the res gestae, clearly he violated the statute twice and thus could be charged and convicted twice. The Georgia convictions resulted from a two-count indictment charging the appellant with aggravated sodomy for unlawfully inserting his penis, forcibly and against the victim’s will, into the mouth of the victim and for unlawfully inserting his penis, forcibly and against the victim’s will, into the anus of the victim. In Alabama, § 13A-6-63(a)(l), Code of Alabama 1975, charges a person with sodomy in the first degree if “[h]e engages in deviate sexual intercourse with another person by forcible compulsion.” Deviate sexual intercourse is defined as “[a]ny act of sexual gratification between persons not married to each other, involving the sex organs of one person and the mouth or anus of another.” Section 13A-6-60(2), Code of Alabama 1975. There is no language in the statute charging that the violations of this offense must be combined into one violation where they were close in time.
“This proposition was well stated in Casey v. State, 456 So.2d 1161, 1164 (Ala.Crim.App.1984), as follows:
“ ‘[I]t is settled that, even if [the appellant’s] six prior convictions had arisen out of a “common event or occurrence,” Seritt v. State, 401 So.2d 248, 250 (Ala.Crim.App.), cert. denied, 401 So.2d 251 (Ala.1981), or had been entered on the same day, Chambers v. State, 418 So.2d 948, 950 (Ala.Crim.App.1982), they would still have constituted six separate convictions. “[WJhere two or more convictions occur at the same time and in the same court, they are separate convictions within the meaning of the Habitual Offender Statute.” Watson v. State, 392 So.2d [1274,] 1279 [ (Ala.Crim.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981) ].
“See also Silvey v. State, 485 So.2d 790, 793 (Ala.Crim.App.1986) (two prior Georgia convictions for felony assault which arose out of the same occurrence or event constituted two felonies, not one, for purposes of Habitual Felony Offender Act); Pearson v. State, 455 So.2d 963, 966 (Ala.Crim.App.1984) (five felony convictions in Illinois to be treated as five felony convictions in Alabama); Minor v. State, 451 So.2d 433, 435 (Ala.Crim.App.1984) (two felonies which occurred at the same time are equal to two felonies under Act); McLester v. State, 423 So.2d 286, 289-90 (Ala.Crim.App.1982) (where appellant was convicted for seven counts of burglary after kicking and breaking the windows of several stores in one mall, all seven felony convictions could be considered for purpose of the Act).”
Beck v. State, 553 So.2d 133, 134 (Ala.Cr.App.1989) (wherein two prior robbery convictions from Arizona, which arose out of taking currency from two separate tellers at the same bank during the same robbery, could be considered as separate felony convictions for the purpose of the Habitual Felony Offender Act).
Therefore, we hold that the appellant was properly sentenced to the Habitual Felony Offender Act, for having three prior felony convictions, although the two sod *1195 omy counts from Georgia allegedly arose from the same transaction.
AFFIRMED.
All Judges concur.