The appellant, Jimmy Charles Dake, pleaded guilty to four violations of § 32-10-2, Code of Alabama 1975, for leaving the scene of an accident. For each conviction, the appellant was sentenced to one year in the penitentiary followed by four years of probation. The sentences were to be served concurrently.
The state's evidence tended to show that on July 3, 1994, the appellant drove his pickup truck into the rear of a mule-pulled wagon in Owens Crossroads, Alabama. All four passengers in the wagon were injured in the collision. One victim suffered a lacerated liver and spleen, one suffered a broken leg, one lost the use of a finger, and one victim sustained a broken foot. The appellant did not attempt to aid these victims and he fled the scene when the police arrived.
 I
The appellant contends that his convictions on four counts of "leaving the scene of an accident" violated his constitutional rights under the Double Jeopardy Clause of the Fifth Amendment, because, he argues, there was only one "leaving." The Fifth Amendment to the United States Constitution states in pertinent part:
 "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . . ."
(Emphasis added.)
 The statute under which the appellant was convicted, § 32-10-2, Code of Alabama 1975, reads as follows:
 "The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, shall upon request exhibit his driver's license to the person struck or the driver or occupant of or person attending any motor or other vehicle collided with or damaged and shall render to any person injured in such accident reasonable assistance, including the transportation of, or the making of arrangements for the transportation of such person to a physician or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such transportation is requested by the injured person."
Under this statute, therefore, the driver of a vehicle involved in an accident in which someone is injured or killed must 1) provide a name, address, and vehicle registration number, 2) exhibit a driver's license upon request, and 3) render reasonable assistance to any person injured in the accident. The appellant asserts that he violated these statutorily imposed duties only once. He contends that only one conviction should have been allowed because, he argues, there was only one accident and one criminal act — leaving the scene of the accident without rendering assistance to the victims. The state asserts that four convictions were lawful because the appellant failed to aid four injured people. This is an issue of first impression.
In McKinney v. State, 511 So.2d 220 (Ala. 1987), the Alabama Supreme Court applied the principles set out in Blockburger v.United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932),[1]
and its progeny and held that a single criminal act that causes injury to more than one person could constitute more than one offense and support more than one prosecution and conviction. However, the Court stated, " 'To truly adopt the majority view . . . multiple convictions should be allowed only for crimes against persons.' " *Page 1367 McKinney, 511 So.2d at 225, quoting R. Owens, Alabama'sMinority Status: A Single Criminal Act Injuring MultiplePersons Constitutes Only A Single Offense, 16 Cum.L.Rev. 85 (1985-86). The Court in McKinney held that "legislative intent to allow multiple prosecutions for a single act that injures more than one person is determined by the 'description of the unit of prosecution within the substantive criminal law statutes. 16 Cum.L.Rev., supra, at 104.' " McKinney, 511 So.2d at 224. The Court, quoting Owens, further stated:
 " 'How, then, should the unit of prosecution be described so that an intent to allow multiple convictions is clear and unequivocal? Instead of using the word "any" to describe the unit of prosecution, the singular words "a" or "another" should be used. An examination, then, should be made of the Alabama Criminal Code to see how the unit of prosecution is described. This examination will disclose whether the code allows multiple convictions.
 " 'A review of the criminal code discloses that there are basically four categories into which the statutes can be divided. The first category includes those statutes that prohibit conduct that cannot affect multiple persons or property with a single act. These statutes prohibit such crimes as sex offenses, criminal trespass, burglary, forgery, and escape. The second category contains statutes in which the unit of prosecution is described with the word "any"; based on the above mode of statutory construction, only one conviction should be allowed. This category consists of the following statutes: interference with custody, indecent exposure, enticement of a child to enter a vehicle or house for immoral purposes, possession of burglary tools, criminal possession of explosives, and transportation of stolen property, or property obtained by false pretense into the state.
 " 'Under the majority view, the remaining two categories would allow multiple convictions. The third category uses the indefinite article "a" to describe the unit of prosecution, and includes such offenses as arson, offering a false instrument for recording, illegally possessing or fraudulently using a credit or debit card, permitting or facilitating an escape, bribing or intimidating a witness or a juror, promoting prostitution, abandoning a child, and endangering the welfare of a child. The last category uses the descriptive term "another," and incorporates, in addition to the above offenses, all forms of homicide, assault, kidnapping and unlawful imprisonment, theft of property, robbery, and the hindering of the prosecution or the apprehension of an escapee.' "
16 Cum.L.Rev., supra, at 105-07.
McKinney, 511 So.2d at 224-25. (Emphasis added.) Under the above classification scheme, a violation of § 32-10-2 falls into the second category of statutory offenses because the "descriptive unit of prosecution" in that statute is the word "any." See § 32-10-2, supra. Furthermore, "leaving the scene of an accident" is not a crime against the person. For these reasons, we hold that the law of the State of Alabama, as set out in McKinney, prohibits multiple convictions for violations of § 32-10-2.
The conclusion we reach is consistent with caselaw both before and after McKinney. Our research discovered only four cases involving § 32-10-2 where more than one person sustained injuries in the accident. In each case, only one conviction was obtained against the defendant for the offense of leaving the scene of an accident. The most recent case applying McKinney isTurner v. State, 584 So.2d 864 (Ala.Cr.App. 1990). See also Lylev. State, 497 So.2d 834 (Ala.Cr.App. 1986); Mann v.State, 473 So.2d 1225 (Ala.Cr.App. 1985); and Fretwell v. State,414 So.2d 1012 (Ala.Cr.App. 1982).
Our conclusion is also consistent with our recent holding inKnight v. State, 675 So.2d 487 (Ala.Cr.App. 1995), in which we held that separate capital murder convictions could not be obtained based on separate items taken in a robbery-murder.
 "The appellant was charged with committing two different robberies, which occurred at the same time, one by robbing the victim of the contents of his wallet and one by robbing the victim of his automobile. However, there was only one threat *Page 1368 
made at the time the 'act' occurred. 'The elements of robbery had all occurred when [the appellant] made the demand and threatened the victim with a weapon.' Shelton v. State, 521 So.2d 1035, 1037
(Ala.Cr.App. 1987), cert. denied, 521 So.2d 1038
(Ala. 1988). Alleging thefts of different items in separate counts does not convert a single theft of various items of property into separate offenses. Connolly v. State, 539 So.2d 436, 441-42
(Ala.Cr.App. 1988). Under Alabama law the entire transaction constituted a single robbery, not two distinct ones.
 ". . . [The court in Floyd v. State, 486 So.2d 1309 (Ala.Cr.App. 1984)] did state that an indictment could 'vary the description of one and the same offense based upon one and the same transaction . . . since the purpose and effect of the joinder . . . was to meet every probable contingency of evidence rather than to convict [the appellant] of two or more distinct offenses.' Floyd, 486 So.2d at 1313. (Citation omitted.) Although the state may indict for the same offense in alternative counts, the appellant can constitutionally be convicted of only one of the counts in such an indictment. Stewart v. State, 601 So.2d 491, 494 (Ala.Cr.App. 1992)."
Knight, 675 So.2d at 497-98. Just as a robber cannot be convicted separately for each item taken during a robbery, the appellant here cannot be convicted separately for each person injured and each vehicle damaged as a result of an accident of which he left the scene. The fact that several people were injured presented the state with alternative methods of proving its case, i.e., that the appellant left an accident that involved injuries to a person or damage to a vehicle. Cf.Knight.
Finally, the state urges that even if obtaining the four convictions against the appellant was error it was cured by the fact that the accused was sentenced to concurrent sentences. We reject the argument that four felony convictions can be the same as one felony conviction. One example of the mischief of such a holding involves convictions for "leaving the scene of accident" as viewed under the Habitual Felony Offender Act. Such convictions are felonies and must be considered as such in applying the Habitual Felony Offender Act. Powell v. State,624 So.2d 220 (Ala.Cr.App. 1993). Therefore although the appellant's sentence would be the same for the four convictions as for one, the appellant is still prejudiced by having four felony convictions on his record, rather than one. The case relied upon by the state, Dawson v. State, 675 So.2d 897
(Ala.Cr.App. 1995), involved multiple convictions that were themselves valid, and addressed the question of whether multiple punishments could be imposed. Here, the appellant's extra convictions were obtained in contravention of the Double Jeopardy Clause and thus were not valid.
 II
The appellant also contends that his guilty pleas were defective because, he says, 1) he was not informed of the correct minimum and maximum sentence he could receive, and 2) there was no factual basis for the pleas. Both of these contentions are refuted by the record of the case.
At the guilty plea hearing, the trial court specifically told the appellant that each conviction was a Class C felony punishable by imprisonment in the penitentiary for not less than 1 year and a day and not more than 10 years, so that the appellant could face up to 40 years' imprisonment. The state then gave a detailed recitation of what it expected the evidence to show at trial, i.e. that the appellant left the accident scene without giving aid to the victims. After the appellant admitted that the state's account of the accident was correct, the court accepted the appellant's pleas of guilty based on his admission. The guilty plea hearing was lawfully conducted.
For the reasons stated in part I of this opinion, this cause is remanded to the Circuit Court for Madison County with directions *Page 1369 
that the trial court vacate three of the appellant's convictions, hold a new sentencing hearing, and sentence him accordingly. Due return should be filed in this court no later than 70 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] Blockburger held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."284 U.S. at 304, 52 S.Ct. at 182. (Emphasis added.) Of course, the appellant in this case was not charged with violating two different statutes, rather he was convicted of four violations of the same statute.
* Note from the Reporter of Decisions: On February 9, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
 *Page 21