BARGER *v.* BARGER ET AL.

[No. 27,848. Filed May 21, 1943. Rehearing denied June 22, 1943.]

*Eichhorn, Gordon & Edris,* of Bluffton, *Nathan Nelson,* of Decatur, and *Moran & Abromson,* of Portland, for appellant.

*Ferd L. Litterer,* of Decatur, *Roscoe D. Wheat,* of

Portland, and *Barrett, Barrett & McNagny*, of Fort Wayne, for appellees.

FANSLER, J.—Two of the appellees brought this action to contest the will of Samuel Barger, deceased, alleging that the instrument was forged. There was a verdict and judgment for the plaintiffs. Error is assigned on the overruling of the motion for a new trial.

The appellant offered to prove that in a conversation, after the date of the execution of the will in question, the decedent stated that he had made a will. The exclusion of this evidence is assigned as error.

The appellant cites 6 Wigmore on Evidence (3rd Ed.), Vol. 6, § 1736, p. 107, and *McDonald et al.* v. *McDonald et al.* (1895), 142 Ind. 55, 81, 41 N. E. 336, to support his contention that the evidence was competent.

Professor Wigmore, in § 1734 et seq., analyzes at length the considerations involved in the admission or rejection of post-testamentary declarations of the deceased testator. on the subject of execution, contents, or revocation of the purported will. If they are admitted, under proper limitation, as indicating the state of mind of the testator at the time he made the will, upon an issue of insanity or undue influence, they stand not as hearsay, but as direct evidence of the fact of undue influence or insanity. When they are offered as evidence of the primary fact of execution, contents, or revocation, they are hearsay and are generally excluded. It is pointed out that a few courts, increasing perhaps in number, admit such statements, in some cases, to prove execution, contents, or revocation, as a special exception to the hearsay-rule, but it seems the exception is made to depend not upon an abstract rule, but upon the circumstance of trustworthiness appearing in each case. In the early case of *Hayes*

*et al.* v. *West et al.* (1871), 37 Ind. 21, it was held that such statements of the testator were admissible to prove insanity, but not to prove undue influence, although it is conceded that some of the American cases incline to the view that they are admissible to prove the fact of fraud or undue influence. It seems clear that the court considered that such statements were not admissible for the purpose of proving or disproving execution.

A close examination of the *McDonald* case discloses that it does not support the appellant's contention, but, on the contrary, strictly limits the admission and consideration of such testimony. The evidence there admitted was held competent to show the contents of an alleged lost or destroyed will, the execution of which was admitted, and to show that it was unrevoked at the time of the death of the testator. The court said that it is settled in this state that declarations of the decedent, made at a time other than that at which the will was executed, are not admissible in an action to contest upon the issue of fraud or undue influence. An instruction, which told the jury that (page 85 of 142 Ind., page 346 of 41 N. E.) : " 'A testator's own declarations to prove that a will, apparently regular, was forged . . . are hearsay and inadmissible,' " was refused. The opinion concedes that the instruction correctly states the law, but the court concluded that there was no error in refusing it, since the jury was instructed (page 85 of 142 Ind., p. 346 of 41 N. E.) : " '. . . if you find that such declarations were made, you will only consider them for the purpose of determining the character and contents of such alleged lost or destroyed will, and whether, if it ever existed, it remained unrevoked at the time of the death of the testator, no inference in support of the other issues and charges in this case

can be drawn by you from these alleged declarations,' "[1] and that this sufficiently advised the jury and limited it to a proper consideration of the evidence. The genuineness of the signature of the testator was in issue.

No question of revocation or of the contents of a lost will is presented here, and no good purpose would be served in further examining our decisions in that respect. It is clear, however, that in all of our decisions it has been concluded that such declarations were not admissible to prove the execution of the instrument, and that is the purpose for which they were offered here. See *Hayes et al.* v. *West et al., supra; Morell* v. *Morell* (1901), 157 Ind. 179, 60 N. E. 1092; and *Emry et al.* v. *Beaver et al.* (1922), 192 Ind. 471, 137 N. E. 55.

The reasons advanced for excluding the post-testamentary declarations in *Throckmorton* v. *Holt* (1901), 180 U. S. 552, 21 S. Ct. 474, 45 L. Ed. 663, are most persuasive. It is suggested that the exception to the hearsay-rule grew out of the exigencies of the particular cases, and that a sound rule must operate uniformly. We feel that in this jurisdiction the rule excluding the evidence for the purpose for which it was here sought to be used is well settled, and we find no impelling reasons to consider any further extension of the exception to the hearsay-rule.

The appellant tendered an instruction which would have told the jury in effect that, since forgery is a crime, the law presumes that there was no forgery, and that plaintiffs had the burden of overcoming this presumption. The appellant relies on *Continental Insurance Co.* v. *Jachnichen* (1887), 110 Ind. 59, 63, 10 N. E. 636, 638. That case

---

[1] The text quoted seems confused. See 41 N. E. 346 for a differently punctuated text.

involved an action on a policy of insurance. It was contended that the insured himself burned the property. An instruction was tendered to the effect that, since arson is a crime, the truth of the allegation that the insured had burned his own barn must be established beyond a reasonable doubt. It was held that this was not a correct statement of the law, and that it was sufficient to esablish the fact by a preponderance of the evidence. The court, in the opinion, discussed the growth and the reason for the rule of reasonable doubt in criminal cases, and pointed out that in some exceptional cases this doctrine has been applied in civil cases where a crime is charged. The court concluded, however, that (pages 64, 65 of 110 Ind., page 639 of 10 N. E.) : "It may, therefore, be considered as established, that in civil actions of this class, the rights of the parties are to be determined by a preponderance of the evidence. Being a civil action, it is subject to all the rules which belong to actions of that class, without regard to the fact, that the matter in issue may involve the imputation of a crime." To the effect that the law presumes nothing as to the facts in issue in civil actions, see *Kaiser et al.* v. *Happel et al.* (1941), 219 Ind. 28, 36 N. E. (2d) 784, and cases cited.

A tendered instruction referred to a judge who had testified as a witness, and said that his position as a judge does not authorize the attaching of additional weight to his testimony, and that the jury should give his testimony such weight as they thought it justly deserved. Another instruction was tendered which singled out two witnesses who testified as experts on handwriting. It told the jury that the opinion of these experts is not binding on the jury and referred to the fact that they were being paid as experts. In a general instruction, the jury was fully and cor-

rectly advised concerning the credibility of witnesses, and that they might consider any interest, bias, or prejudice of the witnesses. The impropriety of singling out particular witnesses and commenting concerning them has repeatedly been pointed out. Such instructions have a tendency to give the jury the impression that the judge is attempting to express approval or disapproval of the witnesses. Generally it is not error to refuse such specific instructions where general instructions as to the credibility of witnesses are given. The appellant was not prejudiced by the refusal of these instructions.

The appellant requested an instruction to the effect that the fact that the will was probated established *prima facie* the genuiness of the signature of the testator. It was properly refused. It is true that before a will is probated in an *ex parte* proceeding, *prima facie* evidence of its genuineness is required, but the determination of the probating officer or court upon such evidence is not binding in a subsequent adversary proceeding. The plaintiffs asserted that the signature on the will was a forgery, and had the burden of establishing that fact by competent evidence. The jury was required to decide the question upon the evidence submitted in the trial, and it would be highly improper to permit them to consider the conclusions of another trior of fact in an *ex parte* proceeding, based perhaps upon other or different evidence.

As part of his charge to the jury, the trial court read the complaint over the objection of the defendants. It has been said that such a practice is not commendable, but we know of no case in which it has been held to be prejudicial to the defendant.

Complaint is made of misconduct of counsel in argument. There was no direct evidence as to who prepared

the typewritten will. A lawyer testified that he had prepared certain other instruments on his typewriter. An expert testified that the will was prepared on the same typewriter. The lawyer was not asked whether he had prepared the will. In the closing argument counsel for plaintiffs argued that they knew who prepared the will, and that it was plain from the evidence. The appellant's counsel objected that it was improper argument, and that it was a matter which had not been touched in the opening argument. Defendant's attorneys were given time to answer this contention. We see no impropriety in the argument, and it seems not to have been a new question, since it appears that the defendant's counsel touched upon the subject and argued that the decedent and his immediate family could not have prepared the will. It does not appear that the appellant's rights were in any way prejudiced by the argument.

We find no error.

Judgment affirmed.

NOTE.—Reported in 48 N. E. (2d) 813.