James Edward JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 783S248.

Supreme Court of Indiana.

Feb. 25, 1985.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James Johnson, was convicted by a jury of burglary, a Class B felony, Ind.Code § 35–43–2–1 (1984 Burns Supp.), confinement, a Class B felony, Ind. Code § 35–42–3–3 (1984 Burns Supp.), criminal deviate conduct, a Class A felony, Ind. Code § 35–42–4–2 (1984 Burns Supp.), and attempted rape, a Class A felony, Ind.Code § 35–42–4–1 (1984 Burns Supp.) and § 35–41–5–1 (1979 Burns Repl.). The defendant was sentenced to two terms of imprisonment of ten years and two terms of thirty years, all to be served consecutively. He raises the following issues in this direct appeal:

1. Whether he was denied a fair trial by the state's use of its peremptory challenges to exclude blacks from the jury;

2. Whether the trial court erred in denying the defendant's motion to suppress an in-court identification on the ground that the identification was based on an unduly suggestive pretrial photo display;

3. Whether the evidence of "breaking" was insufficient to convict the defendant of burglary; and

4. Whether the court erred when it allowed the prosecutor in final argument to read a passage from a dissent without affording defendant's counsel an opportunity to familiarize himself with the passage.

## I.

The defendant claims he was denied a fair trial when the state exercised its peremptory challenges to excuse all blacks from the jury. He urges us to reject what is now the settled view in Indiana that constitutional rights are not violated by a peremptory system which permits the exclusion of anyone from a jury "without a reason stated, without inquiry, and without being subject to the court's control." *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193, *citing, Swain v. Alabama*, (1965) 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; *see also, Hobson v. State*, (1984) Ind., 471 N.E.2d 281; *Mays v. State*, (1984) Ind., 469 N.E.2d 1161; *Hoskins v. State*, (1982) Ind., 441 N.E.2d 419.

We continue to adhere to the view that no constitutional error arises from the peremptory system, the function of which is "not only to eliminate extremes of partiality on both sides, but to assure the parties that the jurors before whom they try the case will decide on the basis of the evidence before them, and not otherwise." *Swope v. State*, 325 N.E.2d at 196–97, *citing, Swain v. Alabama*, 380 U.S. at 219, 85 S.Ct. at 835. We find no error here.

## II.

The state produced as a witness one of the young men who had come to the victim's rescue as she was being dragged from her house. The witness, Lonnie Scruggs, made an in-court identification of the defendant as the perpetrator of the crime. He also testified about his pretrial identification of the defendant which he made after viewing a "lineup" of ten "mug shots." The defendant claims the photographic array was unduly suggestive and that, therefore, the admission of the testimony pertaining to it was error. We disagree.

In order to determine whether a pretrial identification should have been excluded, this Court looks to the totality of the circumstances to determine whether the identification process was conducted in such a way that it created a substantial likelihood of irreparable misidentification. *Gillie v. State*, (1984) Ind., 465 N.E.2d 1380.

The fact that mug shots are used does not in itself render the display improper. *Whitt v. State*, (1977) 266 Ind. 211, 361 N.E.2d 913. The defendant has identified nothing else about the photographic display that could be deemed suggestive. Contrary to the defendant's assertions in his brief, the evidence most favorable to the state was that Scruggs was not told prior to his viewing the photographs that one of the photographs was of the suspect. The witness viewed ten photographs of black males, none of which tended in any way to distinguish or emphasize the defendant's photograph. *Head v. State*, (1982) Ind., 443 N.E.2d 44 (Givan, C.J., and Pivarnik, J., dissenting in part). Finally, the defendant has not shown us how he was harmed by the use of a seven-year-old photograph of him. We find no error here.

## III.

A brief summary of the facts from the record reveals that the victim was in her living room when she heard a creaking noise and saw the defendant in a bedroom. She had never before seen him. The man took a knife from the kitchen, threatened her with it, and sodomized her. He then dragged her outside and down the street. He threw her down, took her pants off, and was attempting to lie on top of her when three young men came to her rescue. The

victim suffered cuts from the knife which was recovered near the scene. The defendant escaped when the victim was rescued. However, the victim later spotted the defendant on the street and he was arrested.

The defendant argues that the evidence is insufficient to convict him of burglary. Specifically, he claims there was insufficient evidence on the element of "breaking."

At trial, the state introduced a photograph taken after the crime of a bedroom in the victim's house. It depicted an open window with the curtain pushed aside and a pane of glass on the floor. The victim testified, "It shows someone has been trying to get in." There was no other evidence of "breaking."

█ We will not reweigh this evidence or rejudge the credibility of the witness. *Oatts v. State*, (1982) Ind., 437 N.E.2d 463. We will affirm if we decide that the jury could have reasonably inferred from the evidence that the defendant broke into the victim's house. *Gregory v. State*, (1972) 259 Ind. 295, 286 N.E.2d 666. Having so decided, we find no error here.

### IV.

During final argument, the state read from Justice White's partial dissent in *United States v. Wade*, (1967) 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. The passage read to the jury was as follows:

> "Law enforcement officers have the obligation to convict the guilty, and to make sure that they do not convict the innocent. They must be dedicated to making the criminal trial a procedure for the ascertainment of the true facts surrounding the commission of the crime. To this extent our so-called adversary system is not adversary at all; nor should it be. But defense counsel has no comparable obligation to ascertain or present the truth. Our system assigns him a different mission. He must be and is interested in preventing the conviction of the innocent, but absent a voluntary plea of guilty, we also insist that he defend his client whether he is innocent or guilty.

> The State has the obligation to present the evidence. Defense counsel need present nothing, even if he knows what the truth is."

*Id.*, 388 U.S. at 256, 87 S.Ct. at 1947, 18 L.Ed.2d at 1174.

The defendant acknowledges that the reading to the jury of this very passage has been previously held proper. *Hubbard v. State*, (1974) 262 Ind. 176, 313 N.E.2d 346. Although, as the defendant points out, the passage *is* from a dissenting opinion and, as such, cannot itself be considered "the law," its particular substance does not reflect a minority position.

The defendant's allegation of error stems from the trial court's refusal to allow his attorney to read the passage before it was read to the jury, for the purpose of further objection. The trial court stated, "Lawyers are presumed to know the law."

While we agree with the defendant that even the most erudite member of the bar may not be familiar with the intricacies of a dissenting opinion from an eighteen-year-old case, we do not believe the court erred in denying the defendant's request. He cites nothing for the proposition that counsel has the right to preview his opponent's final argument. In any case, he cannot have been prejudiced by the denial since, as we have stated, it is not improper to read to the jury the law in general, and this passage in particular. *Hubbard v. State*, 313 N.E.2d at 350.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.