Percey PHILLIPS, Appellant,

v.

STATE of Indiana, Appellee.

No. 985S367.

Supreme Court of Indiana.

Aug. 12, 1986.

David T. Ready, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a finding of guilty of Robbery, a Class B felony. Appellant was sentenced to a term of fourteen (14) years to be served consecutive to the sentence on a prior unrelated felony conviction.

The facts are: On the evening of May 26, 1984, appellant and Frederick Beverly entered Lee's Famous Recipe Chicken in South Bend, Indiana. Beverly, his face masked by a red bandanna, pointed a gun at the back of Anthony Grunkemeyer's neck and ordered him to open the store safe. As Beverly was taking a cloth bag of money from the safe, appellant escorted employees and customers to the walk-in cooler at the back of the store. The two men then left the building.

Appellant contends he was denied a fair trial when the State exercised its peremptory challenges to excuse three blacks from the jury. He urges us to abandon the general view in Indiana that constitutional rights are not violated by a peremptory system. *Johnson v. State* (1985), Ind., 475 N.E.2d 17.

■ The function of a peremptory system is to eliminate extremes of partiality and to assure the parties that jurors will decide the issues on the basis of the evidence before them. *Merritt v. State* (1986), Ind., 488 N.E.2d 340. A peremptory challenge is one exercised without reason stated, without inquiry, and without being subject to the court's control. *Hobson v. State* (1984), Ind., 471 N.E.2d 281. No party is required to explain its reasons for the exercise of such a challenge. *Averhart v. State* (1984), Ind., 470 N.E.2d 666.

■ There is a strong presumption that the prosecution uses its peremptory challenges to obtain a fair and impartial jury. *Hoskins v. State* (1982), Ind., 441 N.E.2d 419. Our view has been that the presumption is overcome only by demonstrating a systematic and purposeful pattern of excluding certain groups from the jury selection process. *Swain v. Alabama* (1965), 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; *Smith v. State* (1984), Ind., 465 N.E.2d 1105.

In the recent case of *Batson v. Kentucky* (1986), 476 U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69, the United States Supreme Court overruled in part *Swain, supra.* The Court held that the equal protection clause forbids a prosecutor to peremptorily challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable to impartially consider the State's case against a black defendant. Moreover, a criminal defendant may establish a *prima facie* case of purposeful racial discrimination in the selection of the jury solely on evidence concerning the prosecutor's exer-

cise of peremptory challenges at the defendant's trial without showing repeated instances of such discriminatory conduct over a number of cases.

■ To establish such a case, appellant must show: 1) he is a member of a cognizable racial group; 2) the prosecutor has exercised peremptory challenges to remove that group's members from his jury; and 3) the facts and circumstances of his case raise an inference the exclusion was based on race. *Batson, supra.* Once appellant has made a *prima facie* showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. The prosecutor's explanation need not rise to the level of a challenge for cause. The trial court will then have the duty to determine whether appellant has established purposeful discrimination. *Id.*

■ The facts of this case do not indicate purposeful racial discrimination. Approximately twenty-nine (29) veniremen were questioned. Four (4) of those twenty-nine (29) veniremen were black, as is appellant. The State used its peremptory challenges to strike three blacks from the jury panel. The final jury had one black member.

The removal of three black jurors by the use of peremptories does not, by itself, raise an inference of racial discrimination. There is nothing in the record to indicate that the prosecutor removed these blacks from the jury panel on the basis of racial discrimination. The first venireman indicated she was acquainted with a potential witness for the State. The second indicated he had a brother and sister previously convicted in St. Joseph County. The third indicated she was familiar with Officer Frank Murphy.

Appellant has failed to establish any purposeful racial discrimination in the selection of his jury.

■ Appellant next contends the trial court erred by giving its Final Instruction No. 5. He argues the last two sentences in this instruction imply that the defendant carries some evidentiary burden.

Appellant's contention is without merit. It is generally held that the failure to raise a timely objection constitutes a waiver of the issue on appeal. *Wagner v. State* (1985), Ind., 474 N.E.2d 476; *Douglass v. State* (1984), Ind., 466 N.E.2d 721.

The instruction was read to the jury as a preliminary instruction without objection by appellant. Appellant did not object or specifically state the grounds for objection until it was tendered to the jury as a final instruction. The failure to make a timely objection to the instruction has waived the alleged error.

Appellant has waived this issue on other grounds as well. A defendant is obligated to tender substitute instructions if he believes the trial court's proposed instructions are confusing or incorrect. *Springer v. State* (1984), Ind., 463 N.E.2d 243; *Yeagley v. State* (1984), Ind., 467 N.E.2d 730.

By failing to tender his own correct instruction, appellant has waived any alleged error predicated on the trial court's final instruction.

To facilitate discussion, we have combined issues three and four.

■ Appellant contends the trial court erred by refusing to read his tendered Final Instructions Nos. 13 and 19 to the jury. The trial court correctly observed that both instructions improperly emphasize the testimony of a particular witness. *Barger v. Barger* (1943), 221 Ind. 530, 48 N.E.2d 813. The trial court further correctly found that Final Instruction No. 19, although correct as to the law, would overemphasize the issue and would tend to mislead the jury. *See, Allman v. Malsbury* (1946), 224 Ind. 177, 65 N.E.2d 106.

■ In addition we observe the issue is waived. In order for error to be predicated upon the trial court's failure to give a tendered jury instruction, that instruction must be both numbered and signed. Ind. Code § 35–37–2–2(6)(C); *Perkins v. State* (1985), Ind., 483 N.E.2d 1379.

Appellant's instructions were numbered and tendered to the court with only a

signed cover sheet. The individual instructions were not signed by appellant or his attorney. Appellant had therefore waived any claim of error.

The trial court is in all things affirmed.

All Justices concur.