512 So.2d 797 (1987)
Anthony OWES
v.
STATE
1 Div. 228.
Court of Criminal Appeals of Alabama.
February 24, 1987.
Rehearing Denied March 24, 1987.
On Return to Remand July 28, 1987.
James A. Tucker, Jr., Jackson, for appellant.
Charles A. Graddick, Atty. Gen. and J. Anthony McLain and James F. Hampton, Sp. Asst. Attys. Gen., for appellee.
*798 McMILLAN, Judge.
The appellant, Anthony Owes, was found guilty of the sale of a controlled substance, in violation of § 20-2-70, Code of Alabama (1975), and was sentenced to ten years in the state penitentiary.
The record indicates that during the striking of the jury, the defense counsel objected to the prosecutor's apparently systematically striking the black jurors from the panel. This objection was made following the prosecutor's first three strikes, which were used to strike three blacks from the panel. There were nine potential black jurors on a panel of 32 prospective jurors. The trial court overruled the defense counsel's objection. After a jury was struck and empanelled, the following transpired:
"[Defense counsel]: I would like to renew my motion and make a correction for the purposes of the record. I stand corrected that there were only nine black jurors out of a pool of thirty-two left, and I would like to note for the record that the prosecutor used hisused his six of ten strikes to strike this small percentage of the jurors on the panel, and on that basis, we move for a mistrial.
"THE COURT: Motion will be denied."
No explanations were made by the prosecutor regarding the strikes.
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court ruled that a State criminal defendant could establish a prima facie case of racial discrimination, violative of the Fourteenth Amendment, based on the prosecution's use of peremptory challenges to strike members of the defendant's race from the jury venire, and that, once the defendant had made the prima facie showing, the burden shifted to the prosecution to come forward with race-neutral explanations for those challenges. Thereafter, the Supreme Court determined that the Batson decision was to be applied retroactively. Griffith v. Kentucky, ___ U.S. ___, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). The Alabama Supreme Court has also determined that the Batson decision is to be applied retroactively under the Alabama Constitution. Ex parte Jackson, [Ms. 84-1112, December 19, 1986] ___ So.2d ___ (Ala.1986). "The trial court must give the district attorney an opportunity to come forward with race-neutral explanations for his use of peremptory strikes. If he is unable to do so and the trial court determines that the facts established a prima facie case of purposeful discrimination, [the appellant] is entitled to a new trial." Ex parte Owens, [Ms. 85-1008, January 19, 1987] (Ala.1987).
This case is therefore remanded to the trial court with instructions to give the prosecutor an opportunity to come forward with race-neutral explanations for his use of peremptory strikes. If the trial court finds no purposeful discrimination, a return shall be filed with this court containing the evidence at this hearing and the trial judge's findings following the hearing.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.

I
This cause was remanded to the trial court in order to give the prosecutor an opportunity to come forward with race-neutral explanations for his use of peremptory strikes of prospective jurors. A hearing was held in which the prosecutor presented sufficient non-racial explanations for the use of his peremptory strikes. The trial court determined that "in no way did the State of Alabama purposefully discriminate against the appellant in exercising [its] peremptory strikes in the cause." Following a review of the hearing, we find that the trial court's determination was proper.

II
The appellant argues that the trial court erroneously admitted the testimony of a witness whose present recollection was revived by copies of notes that were allegedly used without a proper foundation. Specifically, the appellant argues that there *799 was no testimony to verify that the typed cards had been compared to the originals to determine that they were correct. However, the record indicates that Terry Lee Overstreet, an undercover agent who purchased marijuana from the appellant, testified that, because he had lost one of his cards, he retyped another one the Friday before trial. The other cards were typed prior to trial the previous year. Overstreet explained that the cards were typed for use at trial from his original notes that he had made following the offense. The defense counsel moved to strike Overstreet's testimony on the grounds that none of the cards were made on the day of the offense. He also alleged that the appellant was not previously allowed the opportunity to review the notes in order to determine whether they contained any exculpatory information. Thus, the defense counsel stated two specific grounds for objection, neither of which concerned the failure to lay a proper predicate for the admission of a copy, as asserted on appeal. Specific grounds of objection waive all other grounds not specified. Fisher v. State, 439 So.2d 176 (Ala. Cr.App.1983); Alldredge v. State, 431 So.2d 1358 (Ala.Cr.App.1983).

III
The appellant contends that the testimony of State's witness Joseph Gary Wallace, an expert who identified the plant material in question as marijuana, was opinion testimony. He further argues that because Wallace's testimony was based on tests conducted outside of court, his testimony constituted hearsay. The record indicates that no objections were made by the defense counsel during direct examination and, furthermore, that on cross-examination, the defense counsel asked, "And you tested this substance and found what, sir?" The witness responded, "I found the plant material to be marijuana." Thereafter, the defense counsel questioned the witness concerning the witness's identification of the material as marijuana. Thus, this issue was not adequately preserved for review, in that the defense counsel failed to raise an objection, Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984); a party may not ask questions of a witness and thereafter complain that the witness answered his question. See Gary v. State, 473 So.2d 604, 606 (Ala.Cr.App.1985) (defense counsel's motion for mistrial was properly denied because he invited the error of the witness's damaging testimony).
Additionally, Wallace, an expert with the Alabama Department of Forensic Sciences, was properly qualified to testify that the material was marijuana. The witness testified that he had chemically analyzed substances to determine whether they were, or contained, a controlled substance on "thousands" of occasions. The trial court did not abuse its discretion in allowing Wallace's testimony. Gullatt v. State, 409 So.2d 466, 472 (Ala.Cr.App.1981).
OPINION EXTENDED; AFFIRMED.
All the Judges concur.