521 So.2d 1035 (1987)
Michael E. SHELTON
v.
STATE
1 Div. 99.
Court of Criminal Appeals of Alabama.
February 24, 1987.
On Return to Remand July 28, 1987.
Rehearing Denied September 8, 1987.
*1036 Paul D. Brown, Mobile, for appellant.
Charles A. Graddick, Atty. Gen. and Jean Alexandra Webb, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
On April 26, 1985, the appellant and a cohort approached a man and a woman who were walking towards their car in a parking lot. The appellant hit the man in the head, demanded the car keys, and he and his partner drove off in the couple's car. The next night the appellant and his cohort, in another parking lot, approached the victim in this case and said, "Hold it right there, Rich." The victim saw a gun in the appellant's hand, turned, and ran towards a store. While running, he saw the appellant raise the gun, point it at him, and fire. He was slightly wounded in the shoulder. The appellant then ran to the stolen car, where his partner was waiting, and they drove off. This entire episode was also witnessed by a Mr. Wynne, a United States probation and parole officer.
A week later, the stolen car was observed being driven by the appellant Shelton. He was later arrested, and the keys for the stolen car were found in his pocket. A .22-caliber revolver was found inside the car. He was convicted of first degree robbery and attempted first degree assault, receiving concurrent 25- and 20-year sentences, respectively.

I
The appellant, a black male, argues that he was denied a fair trial by the state's systematically excluding black veniremen from the jury and cites Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In this case, the state used eight of its nine strikes to strike black members of the venire. When the state strikes black members of the venire and the defendant is also black, the state must provide a race-neutral reason for its actions. Id. The state has not offered such a reason. Therefore, pursuant to our decision in Smith v. State, [Ms. 6 Div. 5, February 10, 1987] ___ So.2d ___ (Ala.Cr.App. 1987), we remand this case to the trial court in order for the prosecutor to come forward with race-neutral explanations of his strikes. If the state fails in establishing a race-neutral explanation, a new trial *1037 is to be granted for the appellant. However, should the circuit court find that a prima facie case of purposeful discrimination did not occur, then a return shall be filed with this court containing the evidence of the hearing and the judge's findings resulting therefrom.

II
Appellant claims double jeopardy because, he says, the assault and robbery arose from the same occurrence. The elements of robbery had all occurred when he made the demand and threatened the victim with the weapon. The attempted first degree assault occurred as the victim was escaping. Although a single crime cannot be split up into multiple offenses, O'Neal v. State, 461 So.2d 54 (Ala.Cr.App.1984), nevertheless, "[W]hen the same conduct... may establish the commission of more than one offense, the defendant may be prosecuted for each such offense." Section 13A-8-8(b), Code of Alabama 1975. Here, the appellant even had two acts.

III
Evidence of the earlier robbery during which the car was obtained was admissible to show a common plan or design. C. Gamble, McElroy's Alabama Evidence, § 69.01(6) (3d ed. 1977).

IV
Appellant claims that the proper predicate was not laid for admitting into evidence the co-defendant's statement. This issue, presented for the first time on appeal, is not reviewable.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
The Circuit Court for the Thirteenth Judicial Circuit of Alabama conducted a hearing in full accord with the requirements of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). The trial court entered the following order:
"This cause was remanded to this Court by the Court of Criminal Appeals to determine whether the prosecution could provide non-racial reasons for its uses of peremptory strikes in selecting the jury which convicted the defendant.
"In compliance with that order and the mandate of Batson v. Kentucky, 476 U.S. [79], 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), this Court held an evidentiary hearing on May 4, 1987.
"The State presented the testimony of Teresa Tanner Pulliam, who, at the time of trial, served as an Assistant District Attorney and was the prosecutor responsible for the State's jury selection. Ms. Pulliam addressed the striking of those seven potential Black jurors struck by the State and, in the opinion of the Court, articulated a non discriminatory reason for their exclusion.
"The defendant was accused and convicted of the Robbery, 1st Degree and Attempted Assault, 1st Degree of Mark Wilson King, a former television news reporter. Ms. Pulliam testified that she had previously tried these cases, but that the jurors had been unable to reach a verdict. After speaking with the foreman of that hung jury, she formulated certain criteria based on the personality of the victim for the selection of the second jury. According to her testimony, she was looking for jurors who were not from lower income or `blue collar' brackets because the Victim had a tendency to appear somewhat arrogant, which those sorts of jurors could preceive as being talked down to.
"Two black veniremen were struck because they were unemployed. The State struck one white venireman who was unemployed. Ms. Pulliam stated that she always struck all potential jurors without jobs.
"Ms. Pulliam testified that she struck three black potential jurors because of their listed occupations, which fell into the `blue collar' brackets; a cable worker, a construction laborer, and a truck *1038 driver. She added that it was her habit to strike truck drivers in any case.
"A sixth black venireman was struck because of her residential address. While Ms. Pulliam had no specific recollection of this juror, she recognized the address listed by that venireman's name as being on the same street where another former assistant district attorney and associate of Ms. Pulliam's, Steve Martino, had resided, and of which area and its residents he had spoken disparagingly to her.
"In addition, two of the above listed potential jurors listed Pritchard as their home. Ms. Pulliam testified that she had tried and convicted several blacks from Pritchard for the murder of Booker T. Williams, also from Pritchard, and that the sentiment aroused in that community because of those trials was not favorable to the prosecution.
"The resulting jury was composed of nine white and three black jurors.
"The duty of this Court is not to evaluate the prosecutor's subjective theory of jury selection. Rather, the sole question presently before the Court is whether the State satisfied its burden of proof and provided a race neutral explanation for its peremptory strikes. The Court answers that question in the affirmative.
"After due consideration of all evidence, the court finds as a proven fact that the exclusion of potential Black jurors was not the product of racial discrimination. Rather, the prosecutor's use of peremptory strikes was based on the facts of this particular case and the characteristics, other than race, of those persons challenged. Ex parte Jackson, 516 So.2d 768 (Ala.1986).
"Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the defendant's contention of racial discrimination based on the prosecution's use of peremptory strikes to remove Blacks from the venire is without merit and the defendant is not entitled to a new trial on this basis.
"Done this 10th day of May, 1987.
"/s/ Ferrill D. McRae
"Presiding Circuit Judge"
The learned trial court has complied in every respect with the requirements of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The court's conclusion that "the exclusion of potential black jurors was not the product of racial discrimination," but that "the prosecutor's use of peremptory strikes was based on the facts of this particular case and the characteristics, other than race, of those persons challenged," is borne out by the facts as developed at the hearing.
This case is due to be in all respects affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.