PATTERSON, Judge.
The appellant, Walter L. Speights, was indicted for the offense of theft of property in the first degree, § 13A-8-3(b), Code of Alabama 1975, and, on May 7, 1987, he was found guilty. Pursuant to the Alabama Habitual Felony Offender Act, Speights was sentenced to life imprisonment.
After the jury was struck, but prior to its being sworn, the following occurred:
“MR. MORGAN [defense counsel]: Judge, we move for a mistrial at this time. The strikes were used in such a way as to exclude black jurors for no cause.
“THE COURT: You mean just for removal and racially using the strikes?
“MR. MORGAN: In a racially motivated manner.
“THE COURT: How many blacks are on the jury now?
[[Image here]]
“THE BAILIFF: Five. Five blacks on the jury.
[[Image here]]
“THE COURT: All right. To require an explanation from the State as to why the *331 strikes were made, you have to make a prima facie case. And I don’t think this is a prima facie case at all.
“As a matter of fact, with five on the jury, in my judgment, it’s not racially motivated. So, I will overrule the motion.”
Upon this ruling, Speights, who is black, contends that this cause should be reversed pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), as interpreted by Ex parte Branch, [Ms. 86-500, September 18, 1987] (Ala.1987) (as modified on denial of rehearing, December 4, 1987). We disagree, for we find that Speights’s bare allegation that “[t]he strikes were used in such a way as to exclude black jurors for no cause” failed to meet Speights’s burden of making a prima facie showing of discriminatory selection of the jury. See Finch v. State, 518 So.2d 864 (Ala.Cr.App.1987), and cases cited therein.
We have considered the remaining issues presented in Speights’s brief and find that they are without merit. Accordingly, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.