TYSON, Judge.
James Donald Lowe was indicted and convicted for intentional murder in violation of § 13A-6-2, Code of Alabama 1975. This court affirmed his conviction in Lowe v. State, 514 So.2d 1042 (Ala.Crim.App.1987). The conviction was reversed and remanded by the Alabama Supreme Court in Ex parte Lowe, 514 So.2d 1049 (Ala.1987). Lowe was retried and found “guilty as charged in the indictment”. He was then sentenced to life in prison.
I
The appellant, who is black, contends that the trial court erred in finding that he failed to prove a prima facie case of purposeful racial discrimination by the State in the jury selection process. He argues that this case should be remanded on the authority of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed 2d 69 (1986). The record reveals that ten of the 27 members of the jury venire were black. The State used its seven peremptory strikes to remove four black jurors and three white jurors from the panel. Six black jurors did serve on the panel.
Batson requires that, in order to establish a prima facie case, the defendant must show (1) “that he is a member of a cognizable racial group;” (2) “that the prosecutor has exercised his peremptory challenges to remove from the venire members of the defendant’s race;” and (3) “that these factors and any other relevant factors raise an inference that the prosecutor used that practice to exclude veniremen from the pet-it jury on account of their race.” Batson, 476 U.S. at 96, 106 S.Ct. at 1722. Lowe failed to meet the third element of this test. His allegation that the State engaged in purposeful discrimination because it used four of its seven peremptory strikes to exclude black jurors was not sufficient to *1087 show a prima facie case of purposeful discrimination. See Speights v. State, 522 So.2d 330 (Ala.Crim.App.1988); Swain v. State, 504 So.2d 347 (Ala.Crim.App.1986). A showing that approximately 37% of the jury venire was black and approximately 57% of the jurors struck by the State were black is not sufficient in this case to raise an inference that the State exercised its peremptory strikes in a racially discriminatory manner. See Phillips v. State, 496 N.E.2d 87 (Ind.1986) (the State’s removal of three of the four black jurors from a venire of 29 did not, in and of itself, raise an inference of racial discrimination).
Accordingly, this record is free of error and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.
Bowen, J., in result only.