THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES H. COGGIN, DEFENDANT-APPELLANT.

Argued June 4, 1959—Decided June 17, 1959.

*Mr. Bertram Polow,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Frank C. Scerbo,* Morris County Prosecutor, attorney).

*Mr. Paul Colvin* argued the cause for defendant-appellant.

PER CURIAM. Defendant was indicted in separate counts for larceny and for receiving stolen goods. The jury convicted him of the latter offense and he was sentenced to the New Jersey Reformatory at Bordentown. Appeal was taken to the Superior Court, Appellate Division, but we certified the matter on our own motion before argument there.

Reversal of the conviction is sought largely on the ground that the offenses of larceny of certain goods and receiving them, knowing that they were stolen, are inherently

incompatible crimes, and it is error amounting to a denial of due process to put a defendant to trial on such inconsistent charges. The point is devoid of merit. In situations where under the proof a defendant may be either the thief or the receiver, such alternative allegations are entirely proper. *State v. Shelbrick*, 33 *N. J. Super.* 7 (*App. Div.* 1954). At the trial of such cases, of course, the jury must be instructed, as was done here, that the defendant can be convicted of one or the other, not of both, and that a general verdict of guilty would not suffice. Moreover, if the proof, as submitted, would justify conviction of one of these offenses alone, the count relating to the other charge should be dismissed and not submitted to the jury at all. In this case, the evidence was susceptible of the conclusion that defendant was either the thief or the receiver, and the trial court plainly laid out the course to be followed by the jury in reaching a verdict upon either of the two alternatives. Some of his language in this regard is criticized by defendant. But the challenged excerpt, to which no objection was interposed at the trial, is taken out of context and when considered with the full instruction squares fully with the applicable legal principle.

█ It is argued that the verdict is contrary to the weight of the evidence. But the proof is ample to show that defendant was found in possession of the stolen goods shortly after the theft and under circumstances sufficient to warrant a finding that he was a criminal receiver of them.

The other grounds presented have been considered and found to be without merit.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.