STATE OF NEW JERSEY, PLAINTIFF, v. ROBERT F. EVANS, T/A BOB EVANS, INC., DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

February 4, 1983.

*James Ronca,* Assistant Prosecutor, for the State (*Stephen G. Raymond,* Burlington County Prosecutor, attorney).

*Denis C. Germano* for defendant (*Hulse* and *Germano,* attorneys).

HAINES, A.J.S.C.

Defendant Robert F. Evans is charged with various acts constituting theft. Two indictments were returned against him by the Burlington County grand jury. They contain a total of 50 counts. In a number of instances the same episode is the subject of two or more counts charging theft. For example, the twenty-second count of the indictment charges him with theft by deception on July 11, 1980, a violation of *N.J.S.A.* 2C:20–4(a), while the twenty-third count reflects the same episode but charges him with theft by failure to make required disposition of property received, a violation of *N.J.S.A.* 2C:20–9. Defendant now moves for dismissal of the indictments. He claims that the technique of alternative charging in separate counts of the indictment is fatally prejudicial.

*N.J.S.A.* 2C:20–2 provides:

> Conduct denominated theft by this Chapter [titled, "Theft and Related Offenses"] constitutes a single offense, but each episode or transaction may be the subject of a separate prosecution and conviction. A charge of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or accusation, subject only to the power of the court to ensure fair trial by granting a bill of particulars, discovery, a continuance, or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

The Evans indictments fractionalize a particular criminal transaction into distinct acts, charging each as a separate crime. The Legislature could have done this. *State v. Best,* 70 *N.J.* 56 (1976). In the present case, however, it did the opposite: it required the various actions constituting theft, when they occur as part of a single transaction, to be considered as one offense. The indictments violate this requirement.

■ Prior to the adoption of *N.J.S.A.* 2C alternative charging was an accepted practice in this State, and may still be proper when the offense is not theft. In *State v. LaFera,* 35 *N.J.* 75 (1961), the court said:

> It has long been settled that a single offense may be charged in several counts to meet various turns the proofs may take at the trial and that a single act or transaction may be charged in several counts where a number of criminal statutes may reach it. [at 91]

*See, also, State v. Coggin,* 30 *N.J.* 129 (1959). A prosecutor risked the loss of a conviction by not following this practice; if she charged a defendant with receiving stolen goods but proved only larceny, for example, there could be no conviction for larceny. *State v. Shelbrick,* 33 *N.J. Super.* 7 (App.Div.1954). The Legislature corrected this problem by the adoption of *N.J. S.A.* 2C:1–8 d, which provides: "A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense." Thus, in connection with a particular charge, not only lesser included offense may be the subject of a conviction, but, when theft is charged, "horizontal" offenses set forth in *N.J.S.A.* 2C:20 may also be so subject. The alternative charging technique employed here is not only unnecessary, but, by virtue of *N.J.S.A.* 2C:20–2, is improper. The State's indictments are multiplicious.

■ "Multiplicity" occurs when a single offense is charged in several counts of an indictment. It is to be distinguished from "duplicity," the inclusion of two or more separate offenses in one count. *U.S. v. DeLaTorre,* 634 *F.*2d 792, 794 (5 Cir.1981), *reh en banc denied* 640 *F.*2d 385 (1981); *Wright, Federal Practice and Procedure: Criminal* 2d, § 142 at 469 (1982).

■ Multiplicity is not fatal. *Wright, op. cit.,* at 475. It may, however, be improper. *Sanabria v. U.S.,* 437 *U.S.* 54, 66, n. 20, 98 *S.Ct.* 2170, 2180 n. 20, 57 *L.Ed.*2d 43 (1978). A protective order may be needed.

"[T]he prolix pleading may have some psychological effect upon a jury by suggesting to it that defendant has committed not one but several crimes." *U.S. v. Reed,* 639 *F.*2d 896, 904 (2

Cir.1981). It also suggests the possibility of multiple convictions. While these may be set aside by the court pursuant to *N.J.S.A.* 2C:1–8 a, this correction comes late in the game—after conviction.

■ A court should act before trial to protect the rights of the defendant when the joinder of offenses, by reason of their nature and the expected proofs, unfairly "multiply the chances that the defendant would be convicted," *State v. Orlando,* 101 *N.J.Super.* 390, 394 (App.Div.1968), certif. den. 52 *N.J.* 500 (1968), or "when the counts are so numerous as to embarrass the defense." *2 Torcia, Wharton's Criminal Procedure,* § 301 at 149 (1975). *R.*3:15–2(b) also invites action. It provides that, if the defendant or the State "is prejudiced by a permissible or mandatory joinder of offenses ... in an indictment ..., the court may order an election or separate trials of counts ... or direct other appropriate relief." Read literally, the rule would not apply to the Evans indictments since the multiplication of offenses is neither permissible nor mandatory. However, the sense of the rule clearly fits.

■ Here, defendant is prejudiced by the State's multiplicity. However, it is not appropriate to dismiss the indictment, nor is it necessary. No indictment should be dismissed unless it is palpably defective. *State v. Winne,* 12 *N.J.* 152, 182 (1953). *R.*3:7–4 permits the amendment of an indictment, provided it "does not charge another or different offense from that alleged and the defendant will not be prejudiced thereby in his defense on the merits." The indictments here are defective only because they charge the various transactions constituting a single offense in several counts. This is easily corrected. The indictments must be amended to conform to the requirements of *N.J.S.A.* 2C:20–2, *i.e.,* to charge each theft offense involving one transaction in only one count. Each such count may set forth the alternative methods by which defendant is alleged to have committed the offense charged. This will not be duplicitous since the alternative methods will relate to a single offense; one count will

therefore charge only one offense. The State will prepare the amendments.