243 N.J. Super. 62 (1990)
578 A.2d 881
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BENJAMIN DANDY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 24, 1990.
Decided July 30, 1990.
*63 Before Judges BILDER and STERN.
Wilfredo Caraballo, Public Defender, attorney for appellant (Roy B. Greenman, Designated Counsel, of counsel and on the letter brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Nancy Peremes, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by BILDER, J.A.D.
Following a jury trial defendant was convicted of theft by failure to make required disposition of a motor vehicle he had received. N.J.S.A. 2C:20-9. The same jury acquitted him of a charge of theft by unlawful taking. N.J.S.A. 2C:20-3a. He was sentenced to a custodial term of 3 years.
The evidence presented by the State showed that a 1978 Buick had been delivered to defendant about March 25, 1987 for repair work which was predicted to require two weeks. Thereafter, the owner was unable to locate either defendant or the *64 car. On May 7, 1987, he filed a criminal complaint for theft. On June 4, 1987, police authorities located the car. It was occupied by defendant and still bore the owner's license plate. Defendant informed the police he had been working on the car and intended to return it to the owner June 6th. While in defendant's possession, it had been driven some 4,000 miles.
In his brief on appeal, defendant makes the following contentions:
POINT I
THE COURT SHOULD HAVE CHARGED THE LESSER INCLUDED OFFENSE OF UNLAWFUL TAKING OF MEANS OF CONVEYANCE PURSUANT TO N.J.S.A. 2C:20-10 (NOT RAISED BELOW).
POINT II
THE DEFENDANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL SHOULD HAVE BEEN GRANTED.
POINT III
THE COURT'S CHARGE WAS MISLEADING.
The greater part of defendant's brief is directed at claimed errors with respect to the charge of which he was acquitted. They are moot and will not be considered. See Pressler, Current N.J. Court Rules, Comment to R. 2:2-3 (1990) at 316.
The single issue which remains is defendant's contention that the court erred in denying his request to charge the lesser included offense of a temporary withholding contained in N.J.S.A. 2C:20-10a.
N.J.S.A. 2C:20-10a, in pertinent part, provides:
A person commits a disorderly persons offense if, with purpose to withhold temporarily from the owner, he takes, operates, or exercises control over any means of conveyance without consent of the owner or other person authorized to give consent.
Just as N.J.S.A. 2C:20-10 is a lesser included offense to theft of moveable property, N.J.S.A. 2C:20-3, State v. Alexander, 215 N.J. Super. 523, 531 n. 3, 522 A.2d 464 (App.Div. 1987), it is a lesser included offense to theft by failure to make required disposition of property, N.J.S.A. 2C:20-9. The only difference between 2C:20-3 and 2C:20-9 thefts is that in the former the initial taking is wrongful, whereas in the latter the *65 initial taking is authorized but at a later time a theft occurs when the property is converted to the possessor's own use. See State v. Cole, 204 N.J. Super. 618, 629, 499 A.2d 1030 (App.Div. 1985). If that later theft is with an intention to withhold possession temporarily, it constitutes an offense under N.J.S.A. 2C:20-10a.
We are satisfied that the facts clearly indicated the appropriateness of a charge of N.J.S.A. 2C:20-10a as a lesser included offense and that reversal is required. See State v. Choice, 98 N.J. 295, 298-299, 486 A.2d 833 (1985).[1]
Reversed.
NOTES
[1] Contrary to the statement in defendant's brief that the issue was not raised below, we find such a request was made as an objection at the completion of the charge, although argued as applicable to the theft by unlawful taking count, N.J.S.A. 2C:20-3a. Because N.J.S.A. 2C:20-2a consolidates all thefts into a single offense, see State v. Talley, 94 N.J. 385, 389-394, 466 A.2d 78 (1983); Cannel, Criminal Code Annotated, Comment to N.J.S. 2C:20-2 (1990) at 369-370, the two counts, alternative theories as to the same transaction, represented the same charge. See State v. Evans, 189 N.J. Super. 28, 30, 458 A.2d 525 (Law Div. 1983).